IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20336
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CLAUDIO GURRUSQUIETA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-488-ALL
--------------------
December 12, 2001
Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:*

    Claudio Gurrusquieta appeals the 72-month sentence imposed following his plea of guilty to a charge of being found in the United States after deportation, a violation of 8 U.S.C. § 1326. He contends first that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment.

    Gurrusquieta acknowledges that his argument is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for Supreme Court review in light of the decision in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

*Apprendi* did not overrule *Almendarez-Torres*. *See Apprendi*, 530 U.S. at 489-90, 496; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000), *cert. denied*, 531 U.S. 1202 (2001). Gurrusquieta's argument is foreclosed.

Gurrusquieta contends also that his indictment violated the Fifth and Sixth Amendments because it lacked an allegation that he acted with general intent. He acknowledges that his argument is foreclosed by this court's precedent in *United States v. Guzman-Ocampo*, 236 F.3d 233, 236 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 2600 (2001), and *United States v. Berrios-Centeno*, 250 F.3d 294, 299-300 (5th Cir. 2001), *cert. denied*, 122 S. Ct. 288 (2001), but he wishes to preserve the issue for review by the Supreme Court.

In *Berrios-Centeno*, 250 F.3d at 299-300, the court examined language identical to the language in the Gurrusquieta's indictment and held that it sufficiently alleged a general intent to reenter. Accordingly, Gurrusquieta's conviction and sentence are AFFIRMED.